

**NUMBER 13-07-00383-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

GABRIEL ARTEMIO GARZA, JR.,                                    Appellant,

**v.**

THE STATE OF TEXAS,                                            Appellee.

**On appeal from the 24th District Court of Jackson County, Texas.**

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Gabriel Artemio Garza, Jr., appeals his conviction for possession of more than fifty but less than 2,000 pounds of marijuana, a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (Vernon 2003). Garza pleaded "true" to an enhancement allegation based on a prior felony conviction for delivery of cocaine, elevating

his criminal conduct to that of a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008). After a jury trial, the jury found him guilty of the offense and assessed his punishment at 99 years imprisonment in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. *See id.* § 12.32 (Vernon 2003).

On appeal, Garza raises two issues, arguing that: (1) the prosecution failed to preserve exculpatory evidence, and (2) the prosecutor exceeded the bounds of proper jury argument during the punishment phase of the trial. We affirm.[1]

## I. PRESERVATION OF EXCULPATORY EVIDENCE

By his first issue, Garza argues that the prosecution failed to preserve exculpatory evidence, violating his right to due process under the Fourteenth Amendment to the United States Constitution. *See* U.S. CONST. amend. XIV. Garza complains that the prosecution did not preserve a video recording of the traffic stop that resulted in the seizure of marijuana from Garza's car. In response, the State argues that Garza failed to preserve this error by failing to raise it in the trial court and, in any event, Garza has failed to establish a due process violation. We agree.

The record does not contain any request by Garza for production of the videotape or any objection to the State's failure to produce it. In order to preserve error for appeal, an appellant must present to the trial court a timely request, objection, or motion that states the specific grounds for the relief sought. *See* TEX. R. APP. P. 33.1(a)(1)(A). This rule applies to constitutional violations. *See Pena v. State*, No. PD-1411-07, 2009 WL 928594, at *3 (Tex. Crim. App. Apr. 8, 2009). Because Garza did not object or raise this issue in

---

[1] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them herein except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

the trial court, Garza did not preserve error for our review.

Even so, the record does not support Garza's argument. "The State has a duty to preserve exculpatory evidence." *Jackson v. State*, 50 S.W.3d 579, 588 (Tex. App.–Fort Worth 2001, pet. ref'd). When a defendant complains of lost evidence, he must establish that "the evidence lost is both material and favorable to him." *Id.* at 589 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)). Additionally, to prove a due process violation, the defendant must show that the State acted in bad faith when it failed to preserve the evidence. *Id.*

Garza argues that the video would have shown the entire traffic stop, including the radar machine used to determine his speed and his conversation with the trooper as to the search of the vehicle. Garza argues in his brief that this evidence was an "essential" piece of evidence. However, Garza does not explain how the video would have been material or favorable. In fact, as the State points out, Garza's confession was admitted into evidence, and in it, Garza conceded that he was stopped for exceeding the speed limit and that he voluntarily consented to a search of the vehicle he was driving, which led to the discovery of marijuana in his tires. Thus, the record demonstrates that the video was not "essential" or favorable to Garza.

Furthermore, Garza does not argue that the State acted in bad faith by failing to preserve the evidence. In fact, the record supports the opposite conclusion. Garza was stopped for a traffic violation on February 22, 2000. Trooper Don Plunkett initiated the stop and discovered marijuana in the vehicle. Garza was then arrested. After he was released on bail, Garza failed to appear thereafter and was a fugitive until his arrest in 2007.

3

During the time between Garza's arrest and trial, Trooper Plunkett had been assigned to different "services" within the police force. In 2000, he was working with the Texas Highway Patrol Service. Thereafter, he was assigned as a "criminal interdiction trooper" for the narcotics division. In 2006, he was reassigned to the Highway Patrol Service. Trooper Plunkett testified that when he left to go into "criminal law enforcement," he had the videotape, and that when he returned as a highway patrol officer, the tape was not with the rest of the evidence in the case. Trooper Plunkett testified that he did not know what happened to the videotape, and he stated that he did not "get rid" of the videotape. *See id.* (holding that unintentional loss or destruction of evidence does not satisfy bad faith requirement). We overrule Garza's first issue.

## II. CLOSING ARGUMENT

By his second issue, Garza argues that the prosecutor exceeded the bounds of permissible jury argument during the punishment phase of the trial. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) ("[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement."). The State argues that Garza waived this issue by failing to object to the prosecution's argument in the trial court. We agree with the State.

In *Cockrell v. State*, the Texas Court of Criminal Appeals held that an objection is necessary to preserve an argument regarding improper jury argument. 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). This is true even though the trial court could not have cured the error with an instruction. *Id.* Garza's attorney did not object a single time during the prosecution's argument. Under these circumstances, nothing is preserved for our review.

4

*Id.*; *see Threadgill v. State,* 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *McDonald v. State,* 186 S.W.3d 86, 91 (Tex. App.–Houston [1st Dist.] 2005, no pet.). We overrule Garza's second issue.

### III. Conclusion

Having overruled both of Garza's issues, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 7th day of May, 2009.